Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California  95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
CECILIA E. GONZALEZ

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA
### FRESNO DIVISION

| | |
|---|---|
| CECILIA E. GONZALEZ,<br><br>                              Plaintiff,<br><br>     v.<br><br>HERITAGE PACIFIC FINANCIAL, LLC,<br>d/b/a HERITAGE PACIFIC FINANCIAL, a<br>Texas limited liability company;<br>CHRISTOPHER DAVID GANTER,<br>individually and in his official capacity; BRAD<br>A. MOKRI, a/k/a BEHRAD A. AMIRMOKRI,<br>individually and in his official capacity;<br>JENNIFER NICHOLE HUPE, individually and<br>in her official capacity; and DOES 1 through<br>10, inclusive,<br><br>                              Defendants. | Case No. _____<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>15 United States Code § 1692 *et seq.*<br>California Civil Code § 1788 *et seq.*<br>California Bus. and Prof. Code § 17200 |

Plaintiff, CECILIA E. GONZALEZ, based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or her attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

## INTRODUCTION

1.    This is an action for actual damages, statutory damages, attorney fees and costs brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") which prohibits debt collectors from engaging in abusive,

deceptive and unfair practices.

2.   According to 15 U.S.C. § 1692:

a.   There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors.  Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

b.   Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

c.   Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

d.   Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce.  Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

e.   It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3.   Plaintiff also seeks actual damages, statutory damages, attorney fees and costs under the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq*. ("RFDCPA") which prohibits creditors and debt collectors from engaging in abusive, deceptive and unfair practices.  The California Legislature has found that:

The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts.  Unfair or

deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.[1]

## JURISDICTION

4.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.  Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

5.    This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## VENUE

6.    Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

## INTRADISTRICT ASSIGNMENT

7.    This lawsuit should be assigned to the Fresno Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in San Joaquin County.

## PARTIES

8.    Plaintiff, CECILIA E. GONZALEZ ("Plaintiff"), is a natural person residing in New Orleans, Louisiana.  Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

9.    Defendant, HERITAGE PACIFIC FINANCIAL, LLC, d/b/a HERITAGE PACIFIC

---

[1]  Cal. Civil Code § 1788.1(a)(1).

FINANCIAL ("HERITAGE"), is a Texas limited liability company engaged in the business of collecting debts in this state with its principal place of business located at: 17120 Dallas Parkway, Suite 135, Dallas, Texas  75248.  HERITAGE may be served at the address of its Registered Agent at: Heritage Pacific Financial, LLC, c/o Lloyd Ward, P.C., Registered Agent, 12655 North Central Expressway Street, Dallas, Texas  75243.  The principal business of HERITAGE is the collection of debts using the mails and telephone, and HERITAGE regularly attempts to collect debts alleged to be originally due another.  HERITAGE is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).  HERITAGE is vicariously liable to Plaintiff for the acts of MOKRI and HUPE.[2]

10.    Defendant, CHRISTOPHER DAVID GANTER ("GANTER"), is a natural person and is or was an employee, agent, officer and/or director of HERITAGE at all relevant times. GANTER may be served at his current business address at: Christopher David Ganter, Heritage Pacific Financial, LLC, 17120 Dallas Parkway, Suite 135, Dallas, Texas  75248 and at his residence address at: Christopher David Ganter, 10521 Rogers Road, Frisco, Texas  75034-2466.  GANTER is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).  Plaintiff is informed and believes, and thereon alleges that GANTER is liable for the acts of HERITAGE because he sets and approves HERITAGE collection policies, practices, procedures and he directed the unlawful activities described herein.  GANTER is vicariously liable to Plaintiff for the acts of MOKRI and HUPE.[3]

11.    Defendant, BRAD A. MOKRI, a/k/a BEHRAD A. AMIRMOKRI ("MOKRI"), is

---

[2]  See, *Fox v. Citicorp Credit Servs.*, 15 F.3d 1507, 1516 (9th Cir. 1994) ("[W]e must conclude that Congress intended the actions of an attorney to be imputed to the client on whose behalf they are taken") and *Martinez v. Albuquerque Collection Servs.*, 867 F.Supp. 1495, 1502 (D. N.M. 1994) ("Debt collectors employing attorneys or other agents to carry out debt collection practices that violate the FDCPA are vicariously liable for their agent's conduct").
[3]  See, *Fox v. Citicorp Credit Servs.*, 15 F.3d 1507, 1516 (9th Cir. 1994) ("[W]e must conclude that Congress intended the actions of an attorney to be imputed to the client on whose behalf they are taken") and *Martinez v. Albuquerque Collection Servs.*, 867 F.Supp. 1495, 1502 (D. N.M. 1994) ("Debt collectors employing attorneys or other agents to carry out debt collection practices that violate the FDCPA are vicariously liable for their agent's conduct").

a natural person and licensed attorney in the state of California.  MOKRI may be served at his current business address at:  Brad A. Mokri, Law Offices of Mokri & Associates, 1851 East First Street, Suite 900, Santa Ana, California  92705.  MOKRI is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

12.    Defendant, JENNIFER NICHOLE HUPE ("HUPE"), is a natural person and licensed attorney in the state of California.  HUPE may be served at her current business address at: Jennifer Nichole Hupe, Law Offices of Mokri & Associates, 1851 East First Street, Suite 900, Santa Ana, California  92705.  HUPE is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

13.    The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiff at this time, and Plaintiff therefore sues said Defendants by such fictitious names.  Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged in this Complaint, Defendants DOES 1 through 10, inclusive, are natural persons, limited liability companies, corporations or business entities of unknown form that have or are doing business in the state of California.  Plaintiff will seek leave of the Court to replace the fictitious names of these Doe Defendants with their true names when they are discovered by Plaintiff.

14.    At all relevant times alleged in this Complaint, Defendants, and each of them, were debt collectors engaged in the business of collecting consumer debts throughout the state of California, including San Joaquin County.

15.    Plaintiff is informed, believes and thereon alleges, that each and all of the aforementioned Defendants are responsible in some manner, either by act or omission, strict liability, fraud, deceit, fraudulent concealment, negligence, respondeat superior, breach of contract or otherwise, for the occurrences herein alleged, and that Plaintiff's injuries, as herein alleged, were proximately

caused by the conduct of Defendants.

16.    Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged in this Complaint, each of the Defendants sued herein were the agent, servant, employer, joint venturer, partner, division, owner, subsidiary, alias, assignee and/or alter-ego of each of the remaining Defendants and were at all times acting within the purpose and scope of such agency, servitude, joint venture, division, ownership, subsidiary, alias, alter-ego, partnership or employment and with the authority, consent, approval and ratification of each remaining Defendant.

17.    Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged in this Complaint, Defendants, and each of them, combined their property, skill or knowledge to carry out a single business undertaking and agreed to share the control, profits and losses.

18.    Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged in this Complaint, each Defendant was the co-conspirator, agent, servant, employee, assignee and/or joint venturer of each of the other Defendants and was acting within the course and scope of said conspiracy, agency, employment, assignment and/or joint venture and with the permission and consent of each of the other Defendants.

19.    Whenever reference is made in this Complaint to any act of any corporate or other business Defendant, that reference shall mean that the corporation or other business did the acts alleged in this Complaint through its officers, directors, employees, agents and/or representatives while they were acting within the actual or ostensible scope of their authority.

20.    At all relevant times alleged in this Complaint, each Defendant has committed the acts, caused others to commit the acts, ratified the commission of the acts, or permitted others to commit the acts alleged in this Complaint and has made, caused, ratified, or permitted others to make, the untrue or misleading statements alleged in this Complaint.  Whenever reference is made in this

Complaint to any act of Defendants, such allegation shall mean that each Defendant acted individually and jointly with the other Defendants.

## RELEVANT BACKGROUND OF THE LENDING INDUSTRY AND CALIFORNIA'S ANTI-DEFICIENCY LAWS

21.    The United States, and particularly California, is now suffering through the after effects of what has been dubbed the "mortgage meltdown." This mortgage meltdown is, in major part, the result of entirely improvident lending practices, by which homeowners were induced to obtain mortgage loans that they could not afford. The result has been an avalanche of foreclosures throughout the country. California has been particularly hard hit, as the home values in this state skyrocketed during the lending boom and then crashed. At the height of the lending boom, mortgage lenders ("lenders") were confronted with the inconvenient truth that many of the potential buyers did not qualify for standard 80% loan-to-value mortgage loans. To address this issue, Lenders started offering what became known as the "80/20 loan." For these real estate purchase money loans, lenders would make two loans at the same time, both being used to pay for the purchase of the property. The "first" (so-called because it was secured by a deed of trust recorded in the first position) would be for 80% of the purchase price (hereinafter sometimes referred to as the "First Loan"). The "second" would cover the remaining 20% of the purchase price (hereinafter sometimes referred to as the "Second Loan").

22.    California's "anti-deficiency statutes" including California Code of Civil Procedure § 580(b) were enacted not only to protect homeowners who borrowed money to purchase their residences, limiting the lenders' right to collect on purchase money loans to the value of the mortgaged real estate, but to prevent overvaluation of real property -- placing the risk of inadequate security on those that finance real estate sales. Under California law, collection of any deficiency on a purchase money promissory note for residential owner occupied property that results from a foreclosure is barred. California Code of Civil Procedure § 580b, states:

No deficiency judgment shall lie in any event after a sale of real property or an estate for years therein for failure of the purchaser to complete his or her contract of sale, or under a deed of trust or mortgage given to the vendor to secure payment of the balance of the purchase price of that real property or estate for years therein, or under a deed of trust or mortgage on a dwelling for not more than four families given to a lender to secure repayment of a loan which was in fact used to pay all or part of the purchase price of that dwelling occupied, entirely or in part, by the purchaser.

23.    California homeowners who obtain purchase money mortgage loans are further protected by California Financial Code § 7460 which allows lenders to bring an action against a borrower for fraud, with specific limitations that protect the foreclosed homeowner from fraud claims such as those made by the Defendants against Plaintiff in the state court lawsuit described below. California Financial Code § 7460 provides:

(a) Notwithstanding Section 726 of the Code of Civil Procedure or any other provision of law to the contrary, an association, a federal association, an affiliate of an association or federal association, a service corporation, or any successor in interest thereto, that originates, acquires, or purchases, in whole or in part, any loan secured directly or collaterally, in whole or in part, by a mortgage or deed of trust on real property, or any interest therein, may bring an action for recovery of damages, including exemplary damages not to exceed 50 percent of the actual damages, against a borrower where the action is based on fraud under Section 1572 of the Civil Code and the fraudulent conduct by the borrower induced the original lender to make that loan.

(b) The provisions of this section shall **not** apply to loans secured by single family, owner-occupied residential real property, when the property is actually occupied by the borrower as represented to the lender in order to obtain the loan and the loan is for an amount of one hundred fifty thousand dollars ($150,000) or less, as adjusted annually, commencing on January 1, 1987, to the Consumer Price Index as published by the United States Department of Labor." [Emphasis added]

24.    Thus, the "fraud" exception to the anti-deficiency statutes contained in California Financial Code § 7460 does not apply to owner occupied dwellings where the loan was less than $150,000, as adjusted.  Calculating this adjustment, Plaintiff alleges that California Financial Code § 7460 now covers home mortgage loans in excess of $287,000.[4]

/ / /

---

[4] See, Bureau of Labor Statistics, CPI Inflation Calculator available on the internet at:
http://www.bls.gov/data/inflation_calculator.htm

## **DEFENDANTS' BUSINESS PRACTICES**

25.    Plaintiff is informed, believes and thereon alleges, that between 2004 and 2007, lenders doing business in California made millions of dollars in purchase money "80/20 loans" to California residents for the purchase of residential properties (homes).  In essence, the lenders financed the full purchase price of the home, making a First Loan and a Second Loan.  Thereafter, the consumer borrowers defaulted on their payment obligations under the First Loan.  A non-judicial foreclosure of the First Deed of Trust was then conducted on behalf of the holder of the first note.  A Trustee's Deed Upon Sale was then recorded and title to the residence vested in the beneficiary of the first note, often for a credit bid that was less than the full amount due on the first note.  Based upon the foregoing, the Second Loan Trust Deed was rendered void and the Second Note rendered worthless.  The Second Note that was secured by the Second Trust Deed is referred to herein as the "foreclosed promissory note."

26.    Defendants, HERITAGE and GANTER, are in the business of purchasing purchase money, foreclosed promissory notes secured by junior liens (seconds) from institutional lenders on a bulk "pennies on the dollar" basis.  Given that HERITAGE and GANTER purchase promissory notes that have been subject to a non-judicial foreclosure proceedings and do so "in bulk" HERITAGE and GANTER are subject to the FDCPA and the RFDCPA.

27.    After purchasing the foreclosed promissory note(s), HERITAGE and GANTER, through agents and employees, such as Defendants, MOKRI and HUPE, attempt to collect on the full amount of the foreclosed promissory note, sending collection letters to the foreclosed homeowner demanding payment on debts that Defendants know are not enforceable and which the foreclosed homeowner believes he or she no longer had an obligation to pay.

28.    Plaintiff is informed, believes and thereon alleges, that in the vast majority of cases, the foreclosed homeowner does not respond to Defendants' demand.  Defendants then file a

lawsuit against the foreclosed homeowner asserting claims for intentional misrepresentation, fraudulent concealment, fraudulent promise and negligent misrepresentation in the loan application process. Defendants seek damages for the amount of the foreclosed promissory note and for punitive damages. Defendants assert these claims despite knowing that such claims are barred by the applicable statute of limitations, that Defendants have not been assigned such pre-contractual *ex delicto* claims by the lenders and that the foreclosed homeowners' loans are below the threshold set for such a claim by California Financial Code § 7460 and are barred.

29.   Plaintiff is informed, believes and thereon alleges, that Defendants file the lawsuits based upon a high statistical probability that the foreclosed homeowner lacks the resources to defend the lawsuit and protect his or her rights in such litigation, and based thereon that Defendants will obtain a "default judgment" against the foreclosed homeowner.

30.   Plaintiff is informed, believes and thereon alleges, that beginning at least as early as 2009, Defendants have brought hundreds of lawsuits in federal and state courts seeking to obtain payment on purchase money foreclosed promissory notes against foreclosed homeowners.

**SPECIFIC FACTUAL ALLEGATIONS OF PLAINTIFF**

31.   On or about October 27, 2006, Plaintiff and her daughter purchased the real property located at: 16775 Forty Niner Trail, Lathrop, California.   Thereafter, the property was used as Plaintiff's residence (hereinafter "the property").   To finance the purchase, Plaintiff obtained two purchase money loans from WMC Mortgage Corp.   The first loan was in the principal amount of $551,992 (the "first note") and the second loan was in the principal amount of $137,998 (the "second note.").   Each note was secured by a separate deed of trust recorded against the property at the time of purchase.

32.   The second note ("the debt") was incurred by Plaintiff primarily for personal,

family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

33.    Eventually Plaintiff was no longer able to make her payments and lost the property (her home).  Plaintiff is informed and believes and thereon alleges that a nonjudicial foreclosure of the first deed of trust was conducted on behalf of the holder of the first note.  Months before the foreclosure sale, Plaintiff had vacated the property.

34.    Plaintiff is informed and believes, and thereon alleges, that some time after the nonjudicial foreclosure of the first deed of trust, Defendants, HERITAGE and GANTER, obtained the foreclosed second note that had been endorsed in blank and without recourse by WMC Mortgage Corp.

35.    Plaintiff is informed and believes, and thereon alleges, that Defendants, HERITAGE and GANTER, paid pennies on the dollar to obtain Plaintiff's foreclosed second note. Defendants were able to obtain Plaintiff's foreclosed second note for such a low price because all participants in the market for foreclosed second notes know and understand that such instruments are noncollectable under California law.

36.    Plaintiff is informed and believes, and thereon alleges, that Defendants, HERITAGE and GANTER, thereafter stamped the words "HERITAGE PACIFIC FINANCIAL, LLC d/b/a HERITAGE PACIFIC FINANCIAL" on Plaintiff's foreclosed second note in an effort to make it appear that the instrument had been negotiated directly from WMC Mortgage Corp. to HERITAGE, when in fact the instrument had had several intermediate holders.

37.    Plaintiff is informed and believes, and thereon alleges, that at the time Defendants, HERITAGE and GANTER, purchased Plaintiff's foreclosed second note, Defendants had actual knowledge that collection on the debt was prohibited by California's anti-deficiency laws, including California Financial Code § 7460, and that their conduct in attempting to collect on the debt violated

various provisions of the FDCPA and RFDCPA.  Despite these facts and despite the actual knowledge that Defendants' demands for payment were unlawful, Defendants sought payment from Plaintiff through the use of litigation.

38.    Plaintiff is informed and believes, and thereon alleges, that sometime thereafter on a date unknown to Plaintiff, the debt was placed with Defendants, MOKRI and HUPE, for collection from Plaintiff.

39.    On or about May 21, 2010, Defendants filed a lawsuit against Plaintiff and five (5) other parties in the Superior Court of California, San Joaquin County captioned *Heritage Pacific Financial, LLC v. Joseph Lynch, et al.*, Case No. 39-2010-00241865-CU-FR-STK (hereinafter the "*Heritage Pacific v. Lynch* complaint"), which sought to collect $137,998 (the principal amount of the note) in damages from Plaintiff.

40.    Plaintiff is informed and believes, and thereon alleges, that at the time Defendants, MOKRI and HUPE, filed the *Heritage Pacific v. Lynch* complaint, Defendants had actual knowledge that collection on the debt was prohibited by California's anti-deficiency laws, including California Financial Code § 7460, and that their conduct in attempting to collect on the debt violated various provisions of the FDCPA and RFDCPA.  Despite these actual knowledge of these facts and despite the actual knowledge that Defendants' demands for payment were impermissible, Defendants sought payment from Plaintiff through the use of litigation.

41.    Because Defendants had actual knowledge that Plaintiff's foreclosed second note was a purchase money promissory note for a residential owner-occupied property, the post-foreclosure collection of which is barred by California Code of Civil Procedure § 580b, Defendants asserted claims for intentional misrepresentation, fraudulent concealment, fraudulent promise and negligent misrepresentation in the loan application process.  However, as the mere holder of Plaintiff's foreclosed

second note, Defendants had not been actually assigned such pre-contractual claims (chose in action) incident to the note instrument.[5]   Therefore, Defendant filed the *Heritage Pacific v. Lynch* complaint asserting claims and causes of action that had not been assigned to them.

42.   Plaintiff is informed and believes, and thereon alleges, that the *Heritage Pacific v. Lynch* complaint misrepresented the character, amount and legal status of the debt.

43.   Plaintiff is informed and believes, and thereon alleges, that in drafting and filing the *Heritage Pacific v. Lynch* complaint, Defendants threatened to take, and did take, actions which cannot legally be taken in an attempt to collect the debt.

44.    Plaintiff is informed and believes, and thereon alleges, that in drafting and filing the *Heritage Pacific v. Lynch* complaint, Defendants falsely represented that Plaintiff had committed fraud in order to disgrace Plaintiff into paying the debt.

45.   Plaintiff is informed and believes, and thereon alleges, that Defendants used false representations and deceptive means in an attempt to collect the debt.

46.   Plaintiff is informed and believes, and thereon alleges, that in drafting and filing the *Heritage Pacific v. Lynch* complaint, Defendants falsely represented that Plaintiff's foreclosed second note had been turned over to innocent purchasers for value.

47.   Plaintiff is informed and believes, and thereon alleges, that the claims alleged by Defendants against Plaintiff in the *Heritage Pacific v. Lynch* complaint were known by Defendants to be barred by the applicable statute of limitations.[6]

48.   Plaintiff is informed and believes, and thereon alleges, that Defendants used unfair or unconscionable means to collect or attempt to collect the debt from Plaintiff.

---

[5] *See*, *National Reserve Co. v. Metropolitan Trust Co.*, 17 Cal. 2d 827, 833 (Cal. 1941).
[6] *See, e.g.*, *McCollough v. Johnson, Rodenberg & Lauinger*, 587 F. Supp. 2d 1170, 1176 (D. Mont. 2008) ("A debt collector violates the FDCPA by using the courts to attempt to collect a time-barred debt."), *affirmed by*, *McCollough v. Johnson, Rodenburg & Lauinger*, LLC, ___ F.3d ___, 2011 U.S. App. LEXIS 4072 (9th Cir. Mar. 4, 2011); *Freyermuth v. Credit Bureau Servs., Inc.*, 248 F.3d 767, 771 (8th Cir. 2001); *Beattie v. D.M. Collections, Inc.*, 754 F. Supp. 383, 393 (D. Del. 1991); *Kimber v. Fed. Fin. Corp.*, 668 F. Supp. 1480, 1489 (M.D. Ala. 1987).

49.    Plaintiff is informed and believes, and thereon alleges, that Defendants attempted to collect from Plaintiff amounts that are not permitted by law.

50.    As a result of Defendants filing the *Heritage Pacific v. Lynch* complaint against her, Plaintiff had to retain counsel and incur attorneys' fees and costs to defend her, thereby incurring actual damages.

51.    Plaintiff is informed and believes, and thereon alleges, that Defendants have filed and served standard form complaints like the *Heritage Pacific v. Lynch* complaint against more than 40 persons in California in the one year preceding the filing of this Complaint.  Therefore, Plaintiff may seek leave to amend this Complaint to add class allegations at a later date.

## CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

52.    Plaintiff brings the first claim for relief against all Defendants under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

53.    Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

54.    Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

55.    Defendant, HERITAGE, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

56.    Defendant, GANTER, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

57.    Defendant, MOKRI, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

58.     Defendant, HUPE, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

59.     The financial obligation alleged to be owed by Plaintiff to HERITAGE is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

60.     Defendants have violated the FDCPA.  The violations include, but are not limited to, the following:

a.     Defendants made and used false, deceptive and misleading representations in an attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

b.     Defendants misrepresented the character, amount or legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A);

c.     Defendants attempted to collect the debt from Plaintiff, an action that cannot lawfully be taken, in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10);

d.     Defendants falsely represented that Plaintiff had committed fraud in order to disgrace Plaintiff into paying the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(7);

e.     Defendants falsely represented or implied that Plaintiff's foreclosed second note had been turned over to innocent purchasers for value, in violation of 15 U.S.C. §§ 1692e and 1692e(12);

f.     Defendants attempted to collect a debt that was known by Defendants to be barred by the applicable statute of limitations, in violation of 15 U.S.C. § 1692f; and

g.     Defendants attempted to collect from Plaintiff amounts that are not permitted by law, in violation of 15 U.S.C. § 1692f(1).

61.     Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the debt.

62.     As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

63.     Plaintiff brings the second claim for relief against Defendants, HERITAGE and GANTER, only under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

64.     Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

65.     Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

66.     Defendant, HERITAGE, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

67.     Defendant, GANTER, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

68.     The financial obligation alleged to be owed by Plaintiff to HERITAGE is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

69.     Defendants have violated the RFDCPA.   The violations include, but are not limited to, the following:

   a.     Defendants, HERITAGE and GANTER, made and used false, deceptive and misleading representations in an attempt to collect the debt, in violation of Cal. Civil Code § 1788.17;[7]

   b.     Defendants, HERITAGE and GANTER, misrepresented the character,

---

[7] 15 U.S.C. §§ 1692e and 1692e(10).

amount or legal status of the debt, in violation of Cal. Civil Code § 1788.17;[8]

      c.    Defendants, HERITAGE and GANTER, attempted to collect the debt from Plaintiff, an action that cannot lawfully be taken, in violation of Cal. Civil Code §§ 1788.13(l) and 1788.17;[9]

      d.    Defendants, HERITAGE and GANTER, falsely represented that Plaintiff had committed fraud in order to disgrace Plaintiff into paying the debt, in violation of Cal. Civil Code § 1788.17;[10]

      e.    Defendants, HERITAGE and GANTER, falsely represented or implied that Plaintiff's foreclosed second note had been turned over to innocent purchasers for value, in violation of Cal. Civil Code §§ 1788.10(d) and 1788.17;[11] and

      f.    Defendants, HERITAGE and GANTER, attempted to collect a debt that was known by Defendants to be barred by the applicable statute of limitations, in violation of Cal. Civil Code § 1788.17;[12] and

      g.    Defendants, HERITAGE and GANTER, attempted to collect from Plaintiff amounts that are not permitted by law, in violation of Cal. Civil Code § 1788.17.[13]

70.    Defendants, HERITAGE and GANTER's, acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the debt, within the meaning of Cal. Civil Code § 1788.30(b).

71.    As a result of Defendants, HERITAGE and GANTER's, violations of the RFDCPA, Plaintiff is entitled to an award of actual damages in an amount to be determined at trial, pursuant to Cal. Civil Code § 1788.30(a).

---

[8]  15 U.S.C. § 1692e(2)(A).
[9]  15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10).
[10]  15 U.S.C. §§ 1692e and 1692e(7).
[11]  15 U.S.C. §§ 1692e and 1692e(12).
[12]  15 U.S.C. § 1692f.
[13]  15 U.S.C. § 1692f(1).

72.    As a result of Defendants, HERITAGE and GANTER's, willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.30(b).

73.    As a result of Defendants, HERITAGE and GANTER's, violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages in an amount not exceeding $1,000, pursuant to Cal. Civil Code § 1788.17.[14]

74.    As a result of Defendants, HERITAGE and GANTER's, violations of the RFDCPA, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17.[15]

75.    Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

**CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200**

76.    Plaintiff brings the third claim for relief against all Defendants for their unlawful business acts and/or practices pursuant to California Business and Professions Code § 17200 *et seq*., which prohibits all unlawful business acts and/or practices.

77.    Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

78.    Plaintiff has been required to expend monies that Defendants should be required to pay or reimburse under the equitable and restitutionary remedies provided by California Business and Professions Code § 17200 *et seq*.

---

[14]  15 U.S.C.§ 1692k(a)(2)(A).
[15]  15 U.S.C.§ 1692k(a)(3).

79.   The unlawful acts and practices of Defendants alleged above constitute unlawful business acts and/or practices within the meaning of California Business and Professions Code § 17200 *et seq.*

80.   By engaging in the above-described acts and practices, Defendants have committed one or more acts of unfair competition within the meaning of California Business and Professions Code § 17200 *et seq.*

81.   Defendants' unlawful business acts and/or practices as alleged herein have violated numerous laws and/or regulations and said predicate acts are therefore *per se* violations of § 17200 *et seq.*  These predicate unlawful business acts and/or practices include Defendants' attempted collection of foreclosed purchase money promissory notes used to purchase residential owner occupied properties, in violation of California Code of Civil Procedure § 580b and the filing of lawsuits against foreclosed homeowners asserting claims for intentional misrepresentation, fraudulent concealment, fraudulent promise and negligent misrepresentation in the loan application process, in violation of California Financial Code § 7460.  Additionally, as described in more detail above, Defendants violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(7), 1692e(10), 1692e(12), 1692f, 1692f(1) and Cal. Civil Code §§ 1788.10(d), 1788.13(1) and 1788.17 by,

a.   Misrepresenting the character, amount and legal status of the debts they were attempting to collect;

b.   Filing lawsuits asserting claims and causes of action that had not been assigned to them for collection;

c.   Filing lawsuits asserting claims and causes of action that were known by Defendants to be barred by the applicable statute of limitations; and

d.   Attempting to collect amounts that are not permitted by law.

82.     Defendants' misconduct, as alleged herein, gives Defendants an unfair competitive advantage over their competitors.

83.     The unlawful acts and practices, as fully described herein, present a continuing threat to members of the public to be misled and/or deceived by Defendants as described herein. Plaintiff and other members of the general public have no other remedy at law that will prevent Defendants' misconduct, as alleged herein, from occurring and/or reoccurring in the future.

84.     As a direct and proximate result of Defendants' unlawful conduct alleged herein, Plaintiff has sustained actual pecuniary loss in that she was required to retain counsel and incur attorneys' fees and costs to defend her interests in the state court action.  Plaintiff is a direct victim of Defendants' unlawful conduct, as alleged herein, and has suffered and injury in fact and has lost money or property as a result of Defendants' unfair competition.

85.     Plaintiff is entitled to equitable relief, including restitution, restitutionary disgorgement of all profits accruing to Defendants because of their unlawful and deceptive acts and practices in connection with the state court action against Plaintiff, attorney fees and costs, declaratory relief, and a permanent injunction enjoining Defendants from their unlawful activity.

## REQUEST FOR RELIEF

Plaintiff requests that this Court:

a)   Assume jurisdiction in this proceeding;

b)   Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(7), 1692e(10), 1692e(12), 1692f and 1692f(1);

c)   Declare that Defendants, HERITAGE and GANTER, violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.10(d), 1788.13(l) and 1788.17;

d)   Award Plaintiff actual damages in an amount to be determined at trial, pursuant to 15

U.S.C. § 1692k(a)(1) and Cal. Civil Code § 1788.30(a);

e) Award Plaintiff statutory damages in an amount not exceeding $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

f) Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000, pursuant to Cal. Civil Code § 1788.30(b);

g) Award Plaintiff statutory damages in an amount not exceeding $1,000, pursuant to Cal. Civil Code § 1788.17;[16]

h) Award restitutionary disgorgement of all profits Defendants obtained (from Plaintiff's lawsuit only) as a result of their unfair competition;

i) Enter a mandatory injunction requiring Defendants to permanently cease all unlawful practices complained of in this action and impose affirmative injunctive relief requiring Defendants, their partners, agents, employees, attorneys and all persons acting in concert or participating with them, to take affirmative action to immediately implement policies designed to ensure: (i) that no lawsuits are filed by Defendants asserting claims or causes of action that are barred by California Financial Code § 7460; (ii) that no lawsuits are filed by Defendants asserting claims or causes of action that are barred by California Code of Civil Procedure § 580b; (iii) that no lawsuits are filed by Defendants asserting claims or causes of action that have not been assigned to them for collection, (iv) that no lawsuits are filed by Defendants asserting claims or causes of action that are known by Defendants to be barred by the applicable statute of limitations, and (v) that no lawsuits are filed by Defendants attempting to collect any amount that is not permitted by law;

j) Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15

---

[16] 15 U.S.C. § 1692k(a)(2)(A).

U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1021.5, 1788.17[17] and 1788.30(c); and

k)   Award Plaintiff such other and further relief as may be just and proper.


CONSUMER LAW CENTER, INC.


By: /s/ Fred W. Schwinn
Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California  95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
CECILIA E. GONZALEZ


## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, CECILIA E. GONZALEZ, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.


/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

---

[17] 15 U.S.C. § 1692k(a)(3).