Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California  95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
CECILIA E. GONZALEZ

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| CECILIA E. GONZALEZ,<br><br>              Plaintiff,<br><br>    v.<br><br>HERITAGE PACIFIC FINANCIAL, LLC,<br>d/b/a HERITAGE PACIFIC FINANCIAL, a<br>Texas limited liability company;<br>CHRISTOPHER DAVID GANTER,<br>individually and in his official capacity;<br>BENJAMIN ALAN GANTER, individually<br>and in his official capacity; STEPHEN<br>THOMAS REHEUSER, individually and in his<br>official capacity; BRAD A. MOKRI, a/k/a<br>BEHRAD A. AMIRMOKRI, individually and<br>in his official capacity; JENNIFER NICHOLE<br>HUPE, individually and in her official capacity;<br>and DOES 1 through 20, inclusive,<br><br>              Defendants. | Case No. 2:11-CV-01413-KJM-EFB<br><br>**MEMORANDUM OF POINTS AND<br>AUTHORITIES IN OPPOSITION TO<br>DEFENDANTS' MOTION TO DISMISS<br>FOR IMPROPER VENUE, OR IN THE<br>ALTERNATIVE MOTION TO TRANSFER<br>VENUE TO THE CENTRAL DISTRICT<br>OF CALIFORNIA, SOUTHER DIVISION**<br><br>Hearing Date:          August 31, 2011<br>Hearing Time:         10:00 a.m.<br>Hearing Courtroom: 3<br>Hearing Judge:       Kimberly J. Mueller<br><br>Complaint Filed:     May 20, 2011<br>Trial Date:               Not set |

COMES NOW Plaintiff, CECILIA E. GONZALEZ (hereinafter "Plaintiff"), by and through her attorney Fred W. Schwinn of the Consumer Law Center, Inc., and hereby submits her Memorandum of Points and Authorities in Opposition to Defendants' Motion to Dismiss for Improper Venue, or in the Alternative Motion to Transfer Venue to the Central District of California, Southern Division.

/ / /

**POINTS AND AUTHORITIES**

Plaintiff's Motion should be denied because: 1) Plaintiff has correctly brought this case in the United States District Court for the Eastern District of California; 2) Defendants have not met their burden of showing that the forum chosen by Plaintiff is inconvenient; and 3) Defendants cannot show that transferring the case to the Central District of California, Southern Division, would be in the interest of justice.  Moreover, Defendants seek dismissal of the case when transfer of the case would be the appropriate remedy should Defendants be able to meet their burden.  Therefore, Plaintiff respectfully requests that this Court deny Defendants' motion in its entirety.

**A. Venue in the Eastern District of California is Proper Because a Substantial Part of the Events Giving Rise to Plaintiff's Claims Occurred Here.**

Plaintiff filed this case in the proper Court pursuant to the venue rules found in 28 U.S.C. § 1391, thus Defendants' motion pursuant to 28 U.S.C. § 1406 should be denied.  The Court cannot ordinarily grant a motion to transfer under § 1406 if venue is proper.[1]  In the instant case, Plaintiff filed her Complaint in the proper venue because a substantial part of the events on which Plaintiff's claims are based occurred in this judicial district.  Pursuant to 28 U.S.C. § 1391(b), a civil action where jurisdiction is not based solely on diversity of citizenship may be brought in a judicial district "in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."  In the this case, that judicial district is the Eastern District of California.

On or about May 21, 2010, Defendants filed a lawsuit against Plaintiff and five (5) other parties in the Superior Court of California, San Joaquin County captioned *Heritage Pacific Financial, LLC v. Joseph Lynch, et al.*, Case No. 39-2010-00241865-CU-FR-STK.  The basis of that state court lawsuit was to recover monies allegedly owed Defendant, HERIRAGE PACIFIC FINANCIAL, LLC, on

---

[1] *See generally*, *Carteret Sav. Bank, FA v. Shushan*, 919 F.2d 225, 231 (3d Cir. 1990) (". . . a transfer could not be predicated on section 1406(a) in a case in which venue was proper. . .") (citing *United States v. Berkowitz*, 328 F.2d 358 (3d Cir. 1964).

various foreclosed second mortgage promissory notes which were used, at least in Plaintiff's case, for purchasing residential owner-occupied property located in San Joaquin County, California. The promissory notes being collected in the state court action, at least in Plaintiff's case, were executed in San Joaquin County, California. As a result of being sued in the state court action, Plaintiff was required to hire legal counsel to defend, thereby incurring actual damages in the form of attorney fees and costs as a direct and proximate result of Defendants' collection activities in San Joaquin County, California. The claims made by Plaintiff in this case arise directly from Defendants' collection activities in the state court action filed and litigated in San Joaquin County, California. It is clear from these facts that a "substantial part of the events" giving rise to the claims made by Plaintiff in this case and Plaintiff's actual damages arose in San Joaquin County, California. Pursuant to 28 U.S.C. § 84(b), San Joaquin County, California in located in the Eastern District of California.

Defendants argue that the statutory standard for venue focuses not on whether a defendant has made a deliberate contact with the venue, but instead on the location where the relevant events occurred.[2] Defendants offer no legal basis for their assertion that the statutory standard for a motion challenging venue is substantially different from the standard for challenging personal jurisdiction. In fact, district courts apply the same standard of review in Rule 12(b)(3) motions for improper venue as they do for Rule 12(b)(2) motions for lack of personal jurisdiction. "If the court chooses to rely on pleadings and affidavits, the plaintiff need only make a prima facie showing of [venue]."[3] By pleading that a "substantial part of the events" giving rise to the claims alleged in this case occurred in the Eastern District of California, Plaintiff has made just such a *prima facie* showing.

Defendants are mistaken in their assertion that, "the crux of [Defendants'] alleged violations, is

---

[2] <u>Defendants' Motion to Dismiss for Improper Venue, or in the Alternative Motion to Transfer Venue to the Central District of California, Southern Division</u> (hereinafter "<u>Motion</u>") at 4:18-20.
[3] *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 355 (2d Cir. 2005), *citing Hooker v. United States Dep't of Health & Human Servs.*, 858 F.2d 525, 528 (9th Cir. 1988) *and Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir. 2004).

the actual knowledge. . . ."[4]  This is an "interesting" assertion, to say the least.  Using Defendants' analysis, the proper venue for an action to recover damages caused by an automobile accident would <u>not</u> be in the judicial district where the automobile collision occurred, but instead could only be properly filed in the judicial district where the trip was planned.  Stated another way, Defendants argue that a victim struck in Stockton, California by a bullet fired from Santa Ana, California must go to the Central District of California, Southern Division to seek redress for her damages.  This is not the law.

In this case, Plaintiff alleges that Defendants violated the federal FDCPA, California RFDCPA and Cal. Bus. & Prof. Code § 17200.  These violations include, but are not limited to: making false, deceptive and misleading representations in an attempt to collect a consumer debt; taking collection actions against Plaintiff that cannot lawfully be taken; falsely representing that Defendants had been assigned pre-contractual fraud claims; and attempting to collect from Plaintiff amounts that are not permitted by law.  Plaintiff has not alleged "thought crimes" as Defendants argue nor is the location where Defendants "obtained [their] knowledge"[5] relevant in this case for the purpose of venue.  Therefore, it does not matter a whit where Defendants formulated the decisions which lead to the violations of state and federal law alleged in this case.  Similarly, Plaintiff has not made any allegations related to the mailing of a collection notice to her.  In fact, Plaintiff likely never received any collection letters from Defendants.

Plaintiff is substantially justified in bringing this action in the Eastern District of California.  Defendants, by their own admission, "bears [sic] the burden of showing both that venue in this District is improper and that transfer to another district is justified."[6]  As shown above, Plaintiff has sufficiently rebutted Defendants' arguments.  Therefore, the Court should deny Defendants' Motion to Dismiss on the basis of improper venue pursuant to 28 U.S.C. § 1406(a).

---

[4] <u>Motion</u> at 5-6.
[5] <u>Motion</u> at 6:2.
[6] <u>Motion</u> at 5:14-15.

- 4 -
MEMORANDUM OF POINTS AND AUTHORITIES                    Case No. 2:11-CV-01413-KJM-EFB

**B. Defendants Have Failed to Show That This Venue is Inconvenient**

It is Defendants' burden to show that transfer of this action will serve to balance the conveniences and further the interests of justice in this matter. "Under § 1404(a), defendants must carry the burden of persuading the court that transfer of the action will serve the balance of conveniences and the interest of justice."[7] Defendants have not met this burden.

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."[8] Accordingly, § 1404(a) provides the Court <u>discretionary</u> grounds for transferring an action where venue is proper. As shown *supra*, venue here in the Eastern District of California is proper. As will be shown below, not only is venue in this judicial district proper, but this judicial district is also the most convenient venue when considering all of the relevant factors.

Generally, three factors are considered when a Court determines whether a matter should be transferred: convenience of parties, convenience of witnesses, and interest of justice.[9] These factors break down to a number of additional relevant considerations: convenience of witnesses, judicial economy, relative ease of access to proof, and availability of compulsory process.[10] "Unless the balance of convenience is <u>strongly in favor</u> of the defendant, plaintiff's choice of forum should not, or should rarely, be disturbed."[11] As discussed below, consideration these factors favor the venue in the Eastern District of California.

**1. Convenience of Parties**

Plaintiff's choice of forum, while not dispositive, "should be given weight when deciding

---

[7] *Lopez Perez v. Hufstedler*, 505 F. Supp. 39, 41 (D.D.C. 1980) (citing *Islamic Republic of Iran v. Boeing Co.*, 477 F. Supp. 142, 143 (D.D.C.1979)).
[8] Plaintiff notes that the text does include an "or" between "convenience" and "interest of justice" as Defendants misquote on page 6 of their <u>Motion</u>.
[9] 28 U.S.C. § 1404(a).
[10] *E. & J. Gallo Winery v. F. & P. S.p.A.*, 899 F. Supp. 465, 466 (E.D. Cal. 1994).
[11] *Id.* (citing *Continental Oil Co. v. Atwood & Morrill Co.*, 265 F. Supp. 692 (D. Mont. 1967)) (emphasis added).

whether to grant a motion to change venue."[12]  Since Plaintiff has chosen to bring her claims in this judicial district, the burden of showing that "the convenience of parties and witnesses" and "interest of justice" require transfer to another district is squarely borne by Defendants.[13]  "The venue transfer provisions of Section 1404(a) are not meant to merely shift the inconvenience to the plaintiff."[14]  Moreover, where, as here, the defendant is a well-financed corporation – i.e., Heritage Pacific Financial, LLC – and the plaintiff is a private individual, a defendant's assertions regarding monetary expense and difficulty in litigating in a distant forum should be substantially discounted.[15]

While the general rule giving substantial weight to plaintiff's choice of forum may be "substantially attenuated" when the plaintiff is a non-resident of the chosen forum,[16] here, Plaintiff resides in New Orleans, Louisiana – a forum which would be more inconvenient for all of the parties in this action.  Therefore, the most logical venue for this case to be litigated is where a substantial part of the events in this case occurred.  Moreover, many of the Defendants in this case reside in Texas – a forum which would be inconvenient for the Plaintiff and the California Defendants.

Additionally, Defendants can not credibly claim that this forum is inconvenient for them to litigate.  Since August of 2010, Defendants have initiated at least **33** cases in this judicial district.[17]  Defendants have initiated both state and federal cases in this judicial district.  Indeed, counsel for Defendants, BRAD A. MOKRI, has a scheduled court trial in this courthouse on August 31, 2011, in a a case initiated by Defendants.  For Defendants to claim in this case that this forum is inconvenient for them to litigate strains all credibility.  Indeed, Defendants in this matter are frequent litigants in this judicial district.  In the 11 months from August 2010 to July 2011, Defendants have filed the following bankruptcy adversary proceedings **in this judicial district:**

---

[12] *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 413 (6th Cir. 1998).
[13] *Commodity Futures Trading Com. v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979).
[14] *Reed Elsevier, Inc. v. Innovator Corp.*, 105 F. Supp. 2d 816 (S.D. Ohio 2000).
[15] *Miracle v. N.Y.P. Holdings, Inc.*, 87 F. Supp. 2d 1060, 1073 (D. Haw. 2000).
[16] *In re Apple, Inc.*, 602 F.3d 909, 913 (8th Cir. 2010).
[17] *See*, Request for Judicial Notice, Exhibits "A"-"GG."

| Exhibit | Case Name | Adv. Case No. | File Date | Attorney for Heritage Pacific Financial, LLC |
|---|---|---|---|---|
| A | *Heritage Pacific Financial, LLC v. Margarita Miguel Maldonado (In re Maldonado)* | 10-01202 | 08/27/2010 | Brad A. Mokri<br>Jennifer N. Hupe |
| B | *Heritage Pacific Financial, LLC v. Rick James Wilson (In re Wilson)* | 10-01291 | 12/13/2010 | Justin T. Ryan |
| C | *Heritage Pacific Financial, LLC v. Steven Randy Phillips (In re Phillips)* | 10-01308 | 12/28/2010 | Justin T. Ryan |
| D | *Heritage Pacific Financial, LLC v. Roger Avila Jimenez (In re Jimenez)* | 10-02525 | 08/27/2010 | Brad A. Mokri<br>Jennifer N. Hupe |
| E | *Heritage Pacific Financial, LLC v. Tara L. Morgan (In re Morgan)* | 10-02548 | 09/07/2010 | Brad A. Mokri |
| F | *Heritage Pacific Financial, LLC v. Harlan Thomas (In re Thomas)* | 10-02716 | 11/12/2010 | Brad A. Mokri |
| G | *Heritage Pacific Financial, LLC v. Adriana Rico Garcia (In re Garcia)* | 10-02766 | 11/27/2010 | Brad A. Mokri |
| H | *Heritage Pacific Financial, LLC v. Marilou Fuentes Mercado (In re Mercado)* | 10-02770 | 11/30/2010 | Justin T. Ryan<br>Brad A. Mokri  (06/08/2011) |
| I | *Heritage Pacific Financial, LLC v. George Edward and Maria Elena Countouriotis (In re Countouriotis)* | 10-02774 | 11/30/2010 | Justin T. Ryan<br>Brad A. Mokri  (05/25/2011) |
| J | *Heritage Pacific Financial, LLC v. Namreeta Noreen Prasad (In re Prasad)* | 10-02797 | 12/28/2010 | Justin T. Ryan |
| K | *Heritage Pacific Financial, LLC v. Eric V. and Jessica I Beelard (In re Beelard)* | 10-02798 | 12/13/2010 | Justin T. Ryan<br>Brad A. Mokri  (06/07/2011) |
| L | *Heritage Pacific Financial, LLC v. Holly Michelle Naus (In re Naus)* | 10-02843 | 12/28/2010 | Justin T. Ryan |
| M | *Heritage Pacific Financial, LLC v. Miguel Arredondo (In re Arredondo)* | 10-09065 | 09/07/2010 | Brad A. Mokri |
| N | *Heritage Pacific Financial, LLC v. Samuel V. Ramos (In re Ramos)* | 10-09066 | 09/07/2010 | Brad A. Mokri<br>Jennifer N. Hupe |
| O | *Heritage Pacific Financial, LLC v. Rigoberto Calderon (In re Calderon)* | 10-09077 | 09/30/2010 | Brad A. Mokri<br>Jennifer N. Hupe |
| P | *Heritage Pacific Financial, LLC v. Antonio Frutos de Espinoza (In re* | 10-09078 | 09/30/2010 | Brad A. Mokri<br>Jennifer N. Hupe |

| Exhibit | Case Name | Adv. Case No. | File Date | Attorney for Heritage Pacific Financial, LLC |
|---|---|---|---|---|
| | *Espinoza)* | | | |
| Q | *Heritage Pacific Financial, LLC v. Fortino and Alicia Sanchez (In re Sanchez)* | 11-01020 | 01/14/2011 | Brad A. Mokri<br>Jennifer N. Hupe |
| R | *Heritage Pacific Financial, LLC v. Ivan Hernandez (In re Hernandez)* | 11-01033 | 01/28/2011 | Brad A. Mokri<br>Jennifer N. Hupe |
| S | *Heritage Pacific Financial, LLC v. Michael Andrew and Sarah Kathryn Torell (In re Torell)* | 11-01080 | 03/16/2011 | Brad A. Mokri<br>Jennifer N. Hupe |
| T | *Heritage Pacific Financial, LLC v. Victor M. and Maria L. Moreno (In re Moreno)* | 11-01113 | 04/15/2011 | Brad A. Mokri<br>Jennifer N. Hupe |
| U | *Heritage Pacific Financial, LLC v. Angelina Jose Vicente (In re Vicente)* | 11-02016 | 01/09/2011 | Justin T. Ryan<br>Brad A. Mokri  (05/25/2011) |
| V | *Heritage Pacific Financial, LLC v. Sokom Han and Voeut Veth (In re Han, et al.)* | 11-02042 | 01/20/2011 | Brad A. Mokri<br>Jennifer N. Hupe |
| W | *Heritage Pacific Financial, LLC v. John Thomas Hoey (In re Hoey)* | 11-02043 | 01/20/2011 | Brad A. Mokri<br>Jennifer N. Hupe |
| X | *Heritage Pacific Financial, LLC v. Armando Silvestre Quiroz and Esperanza Sanchez (In re Quiroz, et al.)* | 11-02044 | 01/20/2011 | Brad A. Mokri<br>Jennifer N. Hupe |
| Y | *Heritage Pacific Financial, LLC v. Yazmin Gonzalez (In re Gonzalez)* | 11-02088 | 02/07/2011 | Brad A. Mokri<br>Jennifer N. Hupe |
| Z | *Heritage Pacific Financial, LLC v. Jeffery P. and Nicole J. Adams (In re Adams)* | 11-02127 | 02/24/2011 | Brad A. Mokri<br>Jennifer N. Hupe |
| AA | *Heritage Pacific Financial, LLC v. Laura Sevilla and Edmund Alejandrino Fabillaran (In re Sevilla, et al.)* | 11-02128 | 02/24/2011 | Brad A. Mokri<br>Jennifer N. Hupe |
| BB | *Heritage Pacific Financial, LLC v. Christopher Gordan Mindt (In re Mindt)* | 11-02217 | 03/31/2011 | Brad A. Mokri<br>Jennifer N. Hupe |
| CC | *Heritage Pacific Financial, LLC v. Nadine Ann Jefford (In re Jefford)* | 11-02246 | 04/15/2011 | Brad A. Mokri<br>Jennifer N. Hupe |
| DD | *Heritage Pacific Financial, LLC v.* | 11-02255 | 04/21/2011 | Brad A. Mokri |

| Exhibit | Case Name | Adv. Case No. | File Date | Attorney for Heritage Pacific Financial, LLC |
|---|---|---|---|---|
|  | *May David Heng (In re Heng)* |  |  | Jennifer N. Hupe |
| EE | *Heritage Pacific Financial, LLC v. Salvador Vargas Alejandre and Nancy Madigan (In re Alejandre, et al.)* | 11-02439 | 06/19/2011 | Brad A. Mokri<br>Jennifer N. Hupe |
| FF | *Heritage Pacific Financial, LLC v. Vien Keomeuangsong (In re Keomeuangsong)* | 11-02525 | 07/22/2011 | Brad A. Mokri<br>Jennifer N. Hupe |
| GG | *Heritage Pacific Financial, LLC v. Gerardo and Martha Martinez (In re Martinez, et al.)* | 11-01198 | 07/24/2011 | Brad A. Mokri<br>Jennifer N. Hupe |

As these 33 cases clearly show, Defendant, HERITAGE PACIFIC FINANCIAL, LLC, is a frequent litigator in the Eastern District of California. Defendant, BRAD A. MOKRI, has either filed or substituted into 29 bankruptcy adversary proceedings in this judicial district. Defendant, JENNIFER NICHOLE HUPE, is counsel in 21 bankruptcy adversary proceedings pending in this judicial district.

On July 11, 2011, one such adversary proceeding was scheduled for a court trial in this judicial district.[18] The Bankruptcy Court's <u>Civil Minutes</u> indicate that Mr. MOKRI personally appeared at the July 11, 2011, trial representing HERITAGE PACIFIC FINANCIAL, LLC, in that case.[19] On August 31, 2011, another one of these cases is scheduled for trial in the same courthouse where this case was filed.[20] In that case, Mr. MOKRI is scheduled to appear on behalf of HERITAGE PACIFIC FINANCIAL, LLC, before the Honorable Richard T. Ford at 9:30 a.m. in the Sacramento courthouse.[21] Both of these matters were filed by Defendants in this judicial district – as were the other 31 cases listed above. As these cases make clear, Defendants are not substantially inconvenienced by litigating in this judicial district.

/ / /

---

[18] <u>Request for Judicial Notice</u>, Exhibit "A."
[19] *Id*.
[20] <u>Request for Judicial Notice</u>, Exhibit "D."
[21] *Id*.

**2. Convenience of the Witnesses**

The convenience of the witnesses factor has often been called the most important factor for purposes of determining venue transfer.[22]  For this factor, the Court considers who the likely witnesses will be, where they are located, what their likely testimony will be, and why such testimony is relevant or necessary.[23]  As noted above, this case arises from a state lawsuit initiated and litigated in this judicial district by Defendants against Plaintiff.  The state court lawsuit filed by Defendants sought to recover sums allegedly owed to Defendants based on a San Joaquin County real estate transaction.  Because the real estate transaction occurred in San Joaquin County, most of the non-party percipient witnesses to that transaction are located in this judicial district.

Pursuant to Fed. R. Civ. P. 45(c)(3)(A)(ii), a non-party witness cannot be required to travel more than 100 miles to attend a deposition or across state lines to attend trial.  Each of the potential witnesses listed by Defendants in their Motion to Transfer are either a party to this case or under the control of a party to this case.  For instance, Defendants have listed numerous employees of the Law Offices of Brad A. Mokri.  It is unlikely that these witnesses will need a Subpoena to compel their attendance at trial as their testimony would presumably be used to assist Defendants in their defense of this case.  Moreover, each of the potential witnesses listed by Defendants will need to be deposed within 100 miles of their work address.  Therefore, it is immaterial where these witnesses are located, as the Subpoena power of this Court will not be needed.  On the other hand, the potential witnesses in this case who are not under the control of a party and for which the Court's subpoena power may be required are third-parties who likely work or reside in San Joaquin County, California – the location of the real estate transaction and subsequent state court lawsuit which forms the bases of the claims in this case.  Witnesses who live or work in San Joaquin County, California are well within the 100 mile reach

---

[22] Schwarzer, Tashima & Wagstaffe, CAL. PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIAL (The Rutter Group 2011) at ¶ 4:733.
[23] *Filmline (Cross-Country) Productions, Inc. v. United Artists Corp.*, 865 F.2d 513 (2d Cir. 1989).  *See also*, *Palace Exploration Co. v. Petroleum Dev. Co.*, 316 F.3d 1110, 1121-1122 (10th Cir. 2003).

of this Court's subpoena power.

Although Defendants argue that most of the potential witnesses in this case are located in the Central District of California, the witnesses named by Defendants are mostly employees of Defendants' counsel, BRAD A. MOKRI, and not witnesses who would likely provide material testimony in this case. "[I]t is not the number of prospective witnesses that determines the appropriateness of a transfer but, rather, the materiality of their anticipated testimony."[24] Moreover, although Defendants assert that these potential witnesses "would be out of the subpoena area of the Eastern District,"[25] any California witness could be compelled to testify at trial anywhere in the state, pursuant to Fed. R. Civ. P. 45(c)(3)(A)(ii).

Additionally, Defendants list a number of witnesses but fail to explain what relevant or material testimony most of these witnesses would provide.[26] For instance, Defendants identify seven (7) current and former employees of Defendants' counsel, Law Offices of Mokri & Associates. Defendants assert that these employees "have personal knowledge as to the various cases [filed by Defendants], researching applicable statutes and case law, the filing and service of complaints, [etc.]"[27] Such a generic statement provides no insight into the relevance or materiality of the proposed testimony. Of the seven potential witnesses listed by Defendants as employees of MOKRI, Defendants fail to allege personal knowledge – or any specific knowledge relating to the state court action underlying this case for that matter – regarding the matter currently before this Court.

Other than the various attorneys and support staff of Law Offices of Mokri & Associates, all of whom litigate cases in the Eastern District of California,[28] Defendants also list Mark Schuerman, who "is expected to testify as to the extensive research and legal arguments to which he has offered his

---

[24] *Dwyer v. General Motors Corp.*, 853 F. Supp. 690, 693 (S.D.N.Y. 1994).
[25] Declaration of Brad A. Mokri at ¶ 4(a).
[26] Id.
[27] Id.
[28] Request for Judicial Notice, Exhibits "A"-"GG."

- 11 -
MEMORANDUM OF POINTS AND AUTHORITIES                    Case No. 2:11-CV-01413-KJM-EFB

expert opinion." First, it is unclear what, if any, relevance his proposed testimony would have. Second, Mr. Schuerman has testified by declaration on behalf of HERITAGE PACIFIC FINANCIAL, LLC, in at least 4 cases this year in this judicial district.[29] It stretches credulity that this judicial district is now somehow inconvenient for Mr. Schuerman to testify. Similarly, Defendant, BENJAMIN ALAN GANTER, has testified by declaration on behalf of HERITAGE PACIFIC FINANCIAL, LLC, in at least 6 cases this year in this judicial district.[30]

At this time, Plaintiff anticipates relevant and material testimony from the following percipient witnesses in this case: Plaintiff, who has knowledge of the facts underlying the case resides in New Orleans, Louisiana. However, Plaintiff's counsel offices two hours away from this Court's Sacramento courthouse. Because Plaintiff will be required to travel to her counsel's San Jose offices for meetings with her counsel, this Court's Sacramento location is more convenient for the Plaintiff than the Santa Ana location proposed by Defendants. Plaintiff's daughter, who cosigned with Plaintiff on the note underlying this case, has knowledge of the relevant facts underlying this case. Plaintiff's daughter resides in Stockton, California, thus this forum is most convenient for her. Plaintiff's counsel, Fred Schwinn, has relevant knowledge regarding Plaintiff's damages in the form of attorney fees and costs incurred in the state court action. Mr. Schwinn's office is in San Jose, California, which is less than two hours from this Court's Sacramento courthouse. Defendants, HERITAGE PACIFIC FINANCIAL, LLC, CHRISTOPHER DAVID GANTER, BENJAMIN ALAN GANTER, and STEPHEN THOMAS REHEUSER all reside in Texas and would presumably be indifferent to the location of trial in this case. Defendants, BRAD A. MOKRI and JENNIFER NICHOLE HUPE presumably reside in Santa Ana, California, but each has a history of filing and litigating cases in this judicial district.[31]

Because a substantial amount of witnesses in this case currently reside out-of-state, this factor

---

[29] Request for Judicial Notice, Exhibits "F," "M," "O" and "P."
[30] Request for Judicial Notice, Exhibits "B," "C," "F," "M," "O" and "P."
[31] *See e.g.*, Request for Judicial Notice, Exhibits "A"-"GG."

should be given little weight.  However, of the witnesses who do reside in state, three are counsel in this case – BRAD A. MOKRI, JENNIFER NICHOLE HUPE and Fred W. Schwinn.  Because Plaintiff's daughter has substantial knowledge regarding the relevant facts of this case,[32] and is the only witness who is not under the control of a party thus far identified in this case, venue is not improper in the Eastern District of California for the convenience of the witnesses.

### 3. Relative Means of the Parties

The Court may consider the relative financial means of the parties in considering a motion to transfer.[33]  In this case, Plaintiff does not have the financial means to fly to San Jose for meetings with her counsel, and additional flights to Southern California for her litigation obligations such as depositions, trial, and mediation.  Moreover, Plaintiff will incur substantial additional costs for her counsel's travel time and expenses should this case be transferred to Southern California.  Defendants, on the other hand, are much better financed as evidenced by their extensive litigation in this judicial district, as discussed above.  In balancing the relative financial means of the parties and the disproportionate burden a transfer of this case to Southern California would create for Plaintiff, it is clear that this judicial district is the proper venue for this case.

### 4. Judicial Economy

Since the purpose of § 1404(a) is to "prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense,'"[34] courts have weighed decisions of judicial economy heavily into the factors when deciding whether to transfer venue.[35]  Consideration of this factor does not favor either party in this case as some Court will be

---

[32] *See Dwyer v. General Motors Corp.*, 853 F. Supp. 690, 693 (S.D.N.Y. 1994) ("[I]t is not the number of prospective witnesses that determines the appropriateness of a transfer but, rather, the materiality of their anticipated testimony.").
[33] *Dwyer v. General Motors Corp.*, 853 F. Supp. 690, 693 (S.D.N.Y. 1994) (citing *Hernandez v. Graebel Van Lines*, 761 F. Supp. 983, 989 (E.D.N.Y. 1991)).
[34] *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26 (1960).
[35] *See, e.g.*, *Reese v. CNH Am. LLC*, 574 F.3d 315, 320 (6th Cir. 2009)

required to resolve this dispute.

### 5. Other Considerations

Defendants raise numerous other minor considerations for the Court to consider in deciding whether to transfer this case to Southern California. However, these other considerations are minor at best. For instance, Defendants assert that the location of books and records "located in Santa Ana or Texas" weigh in favor of transfer.[36] Regarding documents located in Texas, this has no relevance regarding whether this case should be transferred to Santa Ana, California. Regarding documents purportedly located in Santa Ana, Defendants identify documents such as "expert witness declarations and files," "Defendants' legal research," and "Heritage case files."[37] Defendants have made no attempt to explain *why* such documents might be important to litigation in *this case*. Moreover, Defendants have filed similar "expert witness declarations" in this judicial district.[38] Simply put, the location of relevant documents is a trivial matter hardly worth comment.

Defendants also assert that trial expenses for Defendants in this venue will be more expensive than if this case was transferred to Santa Ana.[39] However, not only do Defendants fail to provide any proof for this assertion, but fail to provide any authority for how this is a factor in determining a motion transfer. As already noted above, the convenience of counsel plays no part in the weighing of interests for the purpose of determine whether to transfer a case.[40] Moreover, this "factor" – if a factor at all – is merely a sub-factor of witnesses and documents. As already discussed above, most of the potential witnesses in this case are either from Texas, regularly litigate in this judicial district, or reside in this judicial district. Furthermore, because the consumer debt which underlies this case was incurred in San

---

[36] *Accord In re Horseshoe Entm't*, 305 F.3d 354, 358 (5th Cir. 2002) ("Where relevant employment records are maintained and administered is expressly stated as a venue factor in the special venue statute and should be weighed by a District Court in evaluating the interest of justice.").
[37] Motion at 8.
[38] Request for Judicial Notice, Exhibits "F," "M," "O" and "P."
[39] Motion at 9.
[40] *Solomon v. Continental American Life Ins. Co.*, 472 F.2d 1043, 1047 (3d Cir. 1973); *In re Horeshoe Entertainment*, 337 F.3d 429, 434 (5th Cir. 2003).

Joaquin County, California, it is presumed that any relevant records can be found in this judicial district.[41]

Finally, Defendants correctly note that "it is important to consider whether one court or the other will be 'closer to the action' and better able to monitor compliance with any injunction that may be granted."[42]  Plaintiff is confident that this Court will have the ability to enforce any injunction which may be granted in this case.

**C. In the Unlikely Event that the Court Finds Venue Improper in This Judicial District, the Proper Remedy is Transfer, Not Dismissal**

As clearly shown above, Plaintiff has brought this case in the correct judicial district.  However, should the Court find this judicial district improper, it is not in the interest of justice to dismiss the case. Instead the proper remedy is *transfer* rather than dismissal.[43]  Should the Court dismiss this case, Plaintiff may be barred from asserting her right to recovery as her claims are now barred by the applicable statute of limitations.  "Congress, by the enactment of § 1406 (a), recognized that 'the interest of justice' may require that the complaint not be dismissed but rather that it be transferred in order that the plaintiff not be penalized by what the late Judge Parker aptly characterized as 'time-consuming and justice-defeating technicalities.'"[44]

### CONCLUSION

As shown above, Defendants are prolific litigators in this judicial district.  For Defendants to now assert that defending this case in this judicial district is inconvenient is disingenuous.  Therefore, in the interest of justice and for convenience of the parties, this case should remain in the Eastern District of California.  Plaintiff requests that Defendants motion be DENIED.

---

[41] *Smirch v. Allied Shipyard, Inc.*, 164 F. Supp. 2d 903, 913 (S.D. Tex. 2001).
[42] Motion at 10, *citing  Law Bulletin Pub. Co. v. LRP Publications, Inc.*, 992 F. Supp. 1014, 1020-1021.
[43] 28 U.S.C. § 1406(a).
[44] *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962) (quoting *Internatio-Rotterdam, Inc. v. Thomsen*, 218 F.2d 514, 517 (4th Cir. 1955)).

|   |   |
|---|---|
| 1 | CONSUMER LAW CENTER, INC. |
| 2 |   |
| 3 | By: /s/ Fred W. Schwinn |
|   | Fred W. Schwinn (SBN 225575) |
| 4 | CONSUMER LAW CENTER, INC. |
|   | 12 South First Street, Suite 1014 |
| 5 | San Jose, California  95113-2418 |
|   | Telephone Number: (408) 294-6100 |
| 6 | Facsimile Number: (408) 294-6190 |
| 7 | Email Address: fred.schwinn@sjconsumerlaw.com |
| 8 | Attorney for Plaintiff |
|   | CECILIA E. GONZALEZ |