Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California  95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
CECILIA E. GONZALEZ

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA
# SACRAMENTO DIVISION

| | |
|---|---|
| CECILIA E. GONZALEZ,<br><br>                 Plaintiff,<br>v.<br><br>HERITAGE PACIFIC FINANCIAL, LLC, d/b/a HERITAGE PACIFIC FINANCIAL, a Texas limited liability company; CHRISTOPHER DAVID GANTER, individually and in his official capacity; BENJAMIN ALAN GANTER, individually and in his official capacity; STEPHEN THOMAS REHEUSER, individually and in his official capacity; BRAD A. MOKRI, a/k/a BEHRAD A. AMIRMOKRI, individually and in his official capacity; JENNIFER NICHOLE HUPE, individually and in her official capacity; and DOES 1 through 20, inclusive,<br><br>                 Defendants. | Case No. 2:11-CV-01413-KJM-CKD<br><br>**JOINT STATUS REPORT AND FEDERAL RULE OF CIVIL PROCEDURE 26(f) DISCOVERY PLAN**<br><br>Date:       October 5, 2011<br>Time:      10:00 a.m.<br>Judge:     Honorable Kimberly J. Mueller<br>Courtroom: 3<br>Location:  501 I Street<br>             Sacramento, California |

      The parties in the above-entitled action hereby submit this Joint Status Report and Federal Rule of Civil Procedure 26(f) Discovery Plan for the initial case management conference to be conducted in this matter on October 5, 2011, at 10:00 a.m.  The parties jointly request that the Court enter a Case Management Order in this case, based on the parties discovery plan outlined in this document, without a Case Management Conference.

/ / /

**1.      Summary of the Case**

   **a.      Plaintiff's Statement**

This case is brought by an individual consumer to address Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") and of the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.33 (hereinafter "RFDCPA"). The violations stem from Defendants' attempts to collect a consumer debt from Plaintiff.

Generally, Plaintiff is alleged to have owed a consumer debt which was placed, assigned or otherwise transferred to Defendants for collection from Plaintiff.  Thereafter, Defendants filed a lawsuit against Plaintiff and five (5) other parties in the Superior Court of California, San Joaquin County captioned *Heritage Pacific Financial, LLC v. Joseph Lynch, et al.*, Case No. 39-2010-00241865-CU-FR-STK.  The basis of that state court lawsuit was to recover monies allegedly owed Defendant, HERIRAGE PACIFIC FINANCIAL, LLC, on various foreclosed second mortgage promissory notes which were used, at least in Plaintiff's case, for purchasing residential owner-occupied property located in San Joaquin County, California.  As a result of being sued in the state court action, Plaintiff was required to hire legal counsel to defend, thereby incurring actual damages in the form of attorney fees and costs as a direct and proximate result of Defendants' collection activities.

Plaintiff alleges that Defendants violated the FDCPA, RFDCPA and Cal. Bus. & Prof. Code § 17200.  Defendants' violations include, but are not limited to: making false, deceptive and misleading representations in an attempt to collect a consumer debt; taking collection actions against Plaintiff that cannot lawfully be taken; falsely representing that Defendants had been assigned pre-contractual fraud claims; and attempting to collect from Plaintiff amounts that are not permitted by law.

   **b.      Defendants' Statement**

In early 2010, Defendant Heritage Pacific Financial, LLC retained Law Offices of Mokri &

Associates (to litigate fraudulent loan applications. Heritage invests in junior mortgages on the secondary market. Upon purchasing a batch of junior mortgages, Heritage discovered that many of the borrowers had committed fraud in the loan application process, either by substantially misrepresenting their gross monthly income, their employment status, and/or failing to disclose additional investment properties in order to obtain primary-residence loans at a more favorable interest rate. Prior to filing any lawsuit, Defendants research the applicable California law, including California's Anti-deficiency laws which do not relieve foreclosed borrowers from their debt when they committed fraud in order to obtain the home loan.

With respect to Plaintiff Cecilia Gonzalez, Defendants discovered that on or about October 13, 2006, Cecilia Gonzalez and her daughter Liliana Gonzalez executed and signed a loan application which materially misstated their income and employment. Cecilia Gonzalez and Liliana Gonzalez, claimed to be co-owners of Gonzalez Cleaning Services with a combined income of $15,000.00 per month. They completed and signed a loan Application in order to qualify for a junior lien mortgage to purchase certain real property and provided false supporting documents such as letters from clients, rent verification and business ownership verification from a certified public accountant. Heritage discovered that Kimberly Gross who verified the borrowers' business ownership and length of ownership was not Defendants' tax preparer and had never met Cecilia Gonzalez or Liliana Gonzalez. The California Secretary of State did not have a listing for Gonzalez Cleaning Service, nor were there an internet or telephone listing for Gonzalez Cleaning Service. Defendants also believed that the rent verification submitted by the borrowers was created and verified by a close family member.

Defendants, unable to afford the payments on the subject property, due to the fact that they did not earn what they represented, defaulted on their loan obligations after only six payments. The property was sold at auction in or about January 2008. On or about May 21, 2010, Defendant Heritage

filed an action in the Superior Court of San Joaquin County seeking damages for fraud due to the above-mentioned wrongful conduct. Prior to filing, Defendants diligently researched the facts of their case, and applicable California law, including the three year statute of limitations for fraud and accrual of damages. Defendants deny any violations of FDCPA, RFDCPA and Cal. Bus. & Prof. Code Section 17200. Defendants deny making any false, deceptive or misleading representations to the Plaintiff. Defendant Heritage is the holder and owner of the Plaintiff's Promissory Note and loan file, and has the right to enforce the note and any actions arising therefrom, including tort claims.

**2.     Status of Service**

All Defendants have been served.

**3.     Joinder of Additional Parties**

Plaintiff anticipates the joinder of one or more additional parties. However, Plaintiff will need to conduct discovery in order to identify the proper additional parties to be joined. Plaintiff reserves the right to seek leave of the Court to file an amended Complaint to should Plaintiff discover additional parties that should be joined.

**4.     Related Matters**

The parties are not aware of any related cases pending in this district.

**5.     Amendment of Pleadings**

At this time, Plaintiff does not anticipate amending the Complaint to please additional facts or claims. However, Plaintiff reserves the right to seek leave of the Court to file an amended Complaint should Plaintiff discover additional facts or claims.

**6.     Jurisdiction and Venue**

The basis for the Court's subject matter jurisdiction is federal question jurisdiction. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists

for the state law claims pursuant to 28 U.S.C. § 1367.

Plaintiff believes that venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.  Plaintiff also believes that venue is proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

Defendants dispute that venue in this judicial district is proper and have filed a <u>Motion to Dismiss for Improper Venue, or in the alternative, Motion to Transfer Venue to the Central District of California, Southern Division</u> (Doc. 14).  Defendants' motion has been fully briefed and was taken under submission by the Court on August 26, 2011.

**7.     Disclosures**

   **a.     Plaintiff's Statement**

Plaintiff will serve formal written disclosures on or before October 14, 2011, as required by Fed. R. Civ. P. 26(a)(1).

   **b.     Defendants' Statement**

Defendants will serve formal written disclosures on or before October 14, 2011, as required by Fed. R. Civ. P. 26(a)(1).

**8.     Discovery**

The Federal Rule of Civil Procedure 26(b)(1) shall control the scope of discovery in the present matter.

The uses and limits of discovery devices shall be governed by the rules contained within the Federal Rules of Civil Procedure.

The parties shall complete all discovery pertaining to non-experts on or before 7/31/2012 and all

discovery pertaining to experts on or before 9/30/2012.

The parties shall disclose all expert witnesses, in writing, on or before 6/30/2012, and to disclose all supplemental experts on or before 7/15/2012.  The written designation of experts shall be made pursuant to Fed. R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder.  Failure to designate experts may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed.

The provisions of Fed. R. Civ. P. 26(b)(4) and (5) shall apply to all discovery relating to experts and their opinions.  Experts must be fully prepared to be examined on all subjects and opinions included in the designation.  Failure to comply may result in the striking the expert designation and preclusion of expert testimony.

The provisions of Fed. R. Civ. P. 26(e) regarding a party's duty to timely supplement disclosures and responses to discovery requests will be strictly followed.

**9.    Evidence Preservation**

Defendants have directed their relevant employees to preserve all documents, in paper or electronic form, related to the subject matter in this case.

**10.    Motions**

On July 7, 2011, Defendants filed a Motion to Dismiss for Improper Venue pursuant to Fed. R. Civ. P. 12(b)(3).  Defendants' motion has been fully briefed and is currently under submission.

The Parties will each likely file a motion or motions for summary judgment or partial summary judgment.

**11.    Settlement and ADR**

The parties have engaged in limited settlement talks and have agreed to participate in Mediation.

**12.    Consent to Magistrate Judge for All Purposes**

The Parties have not consented to a Magistrate Judge for all purposes.

**13.    Other References**

None at this time.

**14.    Narrowing of Issues**

The Parties anticipate that discovery may narrow the issues for determination.

**15.    Expedited Schedule**

The parties do not believe that an expedited schedule is necessary.

**16.    Scheduling**

| | |
|---|---|
| Initial Case Management Conference | November 2, 2011 |
| Close of Fact Discovery | July 31, 2012 |
| Close of Expert Discovery | September 30, 2012 |
| Fed. R. Civ. P. 26(a)(3) Disclosures | September 30, 2012 |
| Last Day to File Dispositive Motions | November 1, 2012 |
| Final Pre-Trial Conference | January, 2013 |
| Jury Trial | February, 2013 |

**17.    Jury Trial**

The parties anticipate that the action can be ready for trial in February, 2013.

Estimated length of trial is 3-5 days.

**18.    Other Matters**

None at this time.

oo0oo

| | | |
|---|---|---|
| 1 | Dated: September 28, 2011 | CONSUMER LAW CENTER, INC. |

By: /s/ Fred W. Schwinn
Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California  95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
CECILIA E. GONZALEZ


Dated: September 28, 2011          LAW OFFICES OF MOKRI & ASSOCIATES


By: /s/ Brad A. Mokri
Brad A. Mokri (SBN 208213)
LAW OFFICES OF MOKRI & ASSOCIATES
1851 E. First Street, Suite 900
Santa Ana, California  92705
Telephone Number: (714) 619-9395
Facsimile Number: (714) 619-9396
Email Address: amirmokri1@yahoo.com

Attorney for Defendants
HERITAGE PACIFIC FINANCIAL, LLC,
CHRISTOPHER DAVID GANTER,
BENJAMIN ALAN GANTER,
STEPHEN THOMAS REHEUSER, and
JENNIFER NICHOLE HUPE

1 | Dated: September 28, 2011           LAW OFFICES OF MOKRI & ASSOCIATES

By: /s/ Jennifer N. Hupe
Jennifer N. Hupe (SBN 256009)
LAW OFFICES OF MOKRI & ASSOCIATES
1851 E. First Street, Suite 900
Santa Ana, California  92705
Telephone Number: (714) 619-9395
Facsimile Number: (714) 619-9396
Email Address: jhupelaw@yahoo.com

Attorney for Defendant
BRAD A. MOKRI